1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   RYDER INTEGRATED LOGISTIC,                    No. C 05-02281 WHA

11              Plaintiff,

12      v.                                         **ORDER (1) DENYING
                                                   MOTION TO INTERVENE,
13   DONNA M. DELL,                                (2) VACATING HEARING AND
                                                   (3) RESCHEDULING CASE
14              Defendant.                         MANAGEMENT CONFERENCE**
     _____/
15

16                                  **INTRODUCTION**

17          In this labor-dispute action, Patrick McLeskey, David Barber, Charles Thompson and

18   Michael Sullivan ("the proposed intervenors") now move to intervene pursuant to FRCP 24.

19   Because this order finds that the interests of the proposed intervenors are adequately

20   represented by an existing party, at least at this stage of litigation, this motion is **DENIED**.

21                                  **STATEMENT**

22          From August 16, 1999, to August 16, 2003, plaintiff had a contract to service a Ralph's

23   Grocery facility in Stockton, California (Compl. ¶ 9).  The proposed intervenors were employed

24   by plaintiff as drivers assigned to perform work on this contract.  The terms and conditions of

25   their employment were set forth in a collective-bargaining agreement ("CBA") negotiated

26   between plaintiff and General Teamsters Local Union No. 439 (*id.* ¶ 10).  Under this CBA,

27   drivers were compensated "based on miles driven, delivery stops made, pallets handled, trailers

28   dropped and hooked, and time they were delayed from delivering product" in lieu of an hourly

     wage; drivers typically worked in excess of 40 hours per week (*id.* ¶ 11).

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Because the contract with Ralph's Grocery was not renewed, plaintiff terminated the

2    employment of all bargaining-unit drivers on August 16, 2003 (*id.* ¶ 12).  The terms of the CBA

3    provided that "[v]acation pay shall be calculated at one fifty-second (1/52nd) of the employee's

4    annual earnings for each week of vacation" (*ibid.*).  Accordingly, on August 16, 2003, plaintiff

5    paid all bargaining-unit drivers, including the proposed intervenors, for their earned, unused

6    vacation time "based on rates derived from dividing average weekly earnings by actual average

7    hours worked per week" (*id.* ¶ 13).  Due to complaints by drivers that they had been underpaid,

8    plaintiff "recalculated the vacation payments, this time dividing average weekly earnings by a

9    fictional 5-day week, 8 hours per day" and paid additional amounts on or about September 10,

10   2003 (*id.* ¶ 14).  Nonetheless, plaintiff alleges that the original calculations were correct under

11   the terms of the CBA and constituted all wages that were due and payable to drivers upon

12   termination of their employment (*id.* ¶ 15).

13   The proposed intervenors each filed claims with the Labor Commissioner, alleging that

14   plaintiff violated California Labor Code § 201 and seeking penalties under California Labor

15   Code § 203 (*id.* ¶¶ 16–19).  The claims of Patrick McLeskey, David Barber, Charles Thompson

16   and Michael Sullivan were assigned State Case Numbers 14-20533 JS, 14-20573 JS,

17   14-20574 JS, and 14-20575 JS, respectively (*ibid.*).

18   On June 6, 2005, plaintiff Ryder Integrated Logistics, Inc. filed its complaint in the

19   above-captioned action against defendant Donna Dell, in her capacity as Labor Commissioner

20   and Chief of the Division of Labor Standards Enforcement, Department of Industrial Relations,

21   Labor and Workforce Development Agency for the State of California.  Therein, plaintiff

22   sought declaratory and injunctive relief, to prevent defendant "from conducting a hearing or

23   making any determination on liability and/or penalties in State Case Numbers 14-20533 JS,

24   14-20573 JS, 14-20574 JS, and 14-20575 JS" (*id.* ¶ 2).

25   Plaintiff objects to allowing the administrative hearings on these claims to proceed,

26   arguing that they are pre-empted by federal labor law.  In short, plaintiff asserts that the Labor

27   Commissioner would have to interpret the CBA in order to determine whether wages for

28   accrued, unpaid vacation were correctly paid on August 16, 2005.  Defendant counters that this

1    issue is not ripe for adjudication because interpretation of the CBA may not be necessary,

2    depending on the nature of the evidence presented during the administrative hearings.  On this

3    basis, defendant has already noticed a motion to dismiss for lack of subject-matter jurisdiction,

4    currently scheduled to be heard on October 20, 2005.

5         This order addresses the motion to intervene filed on July 29, 2005.

6                              **ANALYSIS**

7    **1.    INTERVENTION AS OF RIGHT.**

8         Intervention as of right is appropriate, upon timely application, "when the applicant

9    claims an interest relating to the property or transaction which is the subject of the action and

10   the applicant is so situated that the disposition of the action may as a practical matter impair or

11   impede the applicant's ability to protect that interest, unless the applicant's interest is

12   adequately represented by existing parties."  FRCP 24(a).  The Ninth Circuit has held that an

13   applicant seeking intervention as of right must meet four requirements: "(1) it has a 'significant

14   protectable interest' relating to the property or transaction that is the subject of the action;

15   (2) the disposition of the action may, as a practical matter, impair or impede the applicant's

16   ability to protect its interest; (3) the application is timely; and (4) the existing parties may not

17   adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 406, 409 (9th

18   Cir. 1998)(internal citation omitted).  Rule 24(a)(2) is generally interpreted "broadly in favor of

19   intervention." *Ibid.*

20        There appears to be no dispute regarding the first three requirements for intervention as

21   of right.  Instead, plaintiff's opposition brief focuses exclusively on the issue of whether the

22   interests of the proposed intervenors is adequately represented by the Labor Commissioner.

23        "The burden on proposed intervenors in showing inadequate representation is minimal,

24   and would be satisfied if they could demonstrate that representation of their interests 'may be'

25   inadequate." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)(internal citation

26   omitted).  The Court looks to three factors in determining the adequacy of representation:

27   (1) whether an existing party will undoubtedly make all of a proposed intervenor's arguments;

28   (2) whether the present party is capable and willing to make such arguments; and (3) whether a

*United States District Court*
For the Northern District of California

3

United States District Court

For the Northern District of California

1    proposed intervenor would offer any necessary elements to the proceeding that other parties

2    would neglect. *Ibid.* Where an existing party has the same ultimate objective, there is a

3    presumption that the proposed intervenor's interests will be adequately represented. *Ibid.*

4           Here, plaintiff claims that the proposed intervenors and the Labor Commissioner share

5    the same goal of allowing the administrative hearings to proceed, particularly as a motion to

6    dismiss has already been filed (Opp. 3). The Court agrees. Indeed, the proposed intervenors

7    openly acknowledge that their interests are "currently aligned" (Br. 6). They argue, however,

8    that they are unsure whether the Labor Commissoner has the ability or desire to make particular

9    arguments, not specifically identified, on their behalf (*ibid.*). In addition, the proposed

10    intervenors argue that their interests may diverge in the future if the Labor Commissioner later

11    determines that their claims are pre-empted because interpretation of the CBA is necessary

12    (Reply Br. 1). Although FRCP 24(a)(2) is generally interpreted broadly in favor of allowing

13    intervention, at this stage of litigation the Labor Commissioner is adequately representing the

14    interests of the proposed intervenors. Accordingly, this order finds that intervention as of right

15    is not appropriate.

16         **2.**        **PERMISSIVE INTERVENTION.**

17           In the alternative, permissive intervention may be granted where the applicant

18    demonstrates "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the

19    applicant's claim or defense, and the main action, have a question of law or a question of fact in

20    common. FRCP 24(b); *Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir.

21    1996). "In exercising its discretion the court shall consider whether the intervention will unduly

22    delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b).

23           The Court declines to exercise its discretion to allow permissive jurisdiction here

24    because there are no independent grounds for federal jurisdiction over the claims/counterclaims

25    of the proposed intervenors. While the proposed intervenors failed to append a pleading setting

26    forth the claim or defense for which intervention is sought, as required by FRCP 24(c), it is

27    likely that they will only be able to assert causes of action under state law (*i.e.*, violation of

28    California Labor Code § 201).

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the motion to intervene is **DENIED WITHOUT PREJUDICE**. Should circumstances change, the proposed intervenors may renew their motion.  The hearing on this motion, currently scheduled for **SEPTEMBER 15, 2005 AT 8:00 A.M.**, is **VACATED**.  The case management conference is **CONTINUED** until **SEPTEMBER 15, 2005 AT 3:00 P.M.**

**IT IS SO ORDERED.**

Dated:  September 2, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5