**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   RYDER INTEGRATED LOGISTICS, INC., a              No. C 05-02281 WHA
     Delaware corporation
11
                    Plaintiff,
12
           v.                                         **ORDER GRANTING
13                                                    MOTION TO DISMISS AND
     DONNA M. DELL, in her official capacity as       VACATING HEARING**
14   Labor Commissioner and Chief, Division of
     Labor Standards; Enforcement, Department of
15   Industrial Relations, Labor and Workforce
     Development Agency, State of California,
16
                    Defendant.
17   _____/

18

19                              **INTRODUCTION**

20         In this labor dispute, defendant now moves to dismiss the action for lack of subject

21   matter jurisdiction, or in the alternative, for failure to state a claim.  Plaintiff simultaneously

22   moves for a preliminary injunction.  Because this order finds the matter not yet ripe for

23   adjudication, defendant's motion is **GRANTED**.

24                               **STATEMENT**

25         This action revolves around state administrative proceedings pending before defendant

26   Donna Dell, in her official capacity as State Labor Commissioner.  Patrick McLeskey, David

27   Barber, Charles Thompson and Michael Sullivan each filed claims against plaintiff Ryder

28   Integrated Logistics, Inc., their former employer, alleging violations of California Labor Code

     § 201 and seeking penalties under California Labor Code § 203.  Plaintiff seeks declaratory and

**United States District Court**
For the Northern District of California

1   injunctive relief, to prevent defendant "from conducting a hearing or making any determination

2   on liability and/or penalties" in these four cases.

3   Plaintiff is in the business of providing logistics and transportation services (Compl.

4   ¶ 7).  From August 16, 1999, to August 16, 2003, plaintiff had a contract to service a Ralph's

5   Grocery facility in Stockton, California (*id.* ¶ 9).  McLeskey, Barber, Thompson and Sullivan

6   were all employed by plaintiff as drivers (*id.* ¶ 12).  The terms and conditions of their

7   employment were set forth in a collective-bargaining agreement ("CBA") negotiated between

8   plaintiff and General Teamsters Local Union No. 439 (Padilla Exh. 1).  As described in

9   Schedule A of the CBA, drivers were compensated "based on miles driven, delivery stops

10  made, pallets handled, trailers dropped and hooked, and time they were delayed from delivering

11  product" with a minimum weekly guarantee, in lieu of an hourly wage (Compl. ¶ 11; Padilla

12  Exh. 1 at 16).

13  California Labor Code § 201 requires employers to pay all outstanding wages

14  immediately upon discharge.  Accordingly, on August 16, 2003, when all bargaining-unit

15  drivers were discharged because the contract with Ralph's Grocery was not renewed, plaintiff

16  paid them for their earned, unused vacation (Compl. ¶ 12).  These payments were initially

17  "based on rates derived from dividing average weekly earnings by actual average hours worked

18  per week" (*id.* ¶ 13).  In other words, plaintiff used an average *hourly* wage to calculate the

19  value of accrued vacation time.  Due to complaints by some drivers that they had been

20  underpaid, plaintiff voluntarily "recalculated the vacation payments, this time dividing average

21  weekly earnings by a fictional 5-day week, 8 hours per day" — *i.e.*, an average *daily* wage —

22  and paid additional amounts on or about September 10, 2003 (*id.* ¶ 14).  Notwithstanding this

23  additional payments, plaintiff contends that its original calculations were correct under the

24  terms of the CBA (*id.* ¶ 15).

25  Plaintiff acknowledges that the CBA "does not expressly state how to calculate unpaid

26  vacation, other than to recite that '[v]acation pay shall be calculated at one fifty-second

27  (1/52nd) of the employee's annual earnings for each week of vacation'" (*id.* ¶ 12).  Calculating

28  vacation pay by the week is consistent with other provisions concerning vacation time.  The

United States District Court
For the Northern District of California

1   CBA provides that drivers earn either one, two or three weeks of paid vacation each year,

2   depending on how long they have been employed; moreover, "[v]acations shall be selected and

3   used in full-week increments" (*See* Padilla Exh. 1 at 5).  Plaintiff admits that the CBA is

4   otherwise silent as to how vacation pay "is to be allocated for periods of less than a full week"

5   (Opp. to Motion to Dismiss at 10).

6        The complaint alleges that after plaintiff was invited to demonstrate that the Labor

7   Commissioner was preempted from hearing the four drivers' claims, the staff attorney assigned

8   to those cases determined that no interpretation of the CBA was necessary (Compl. ¶ 21).

9   Plaintiff asserts that this determination is binding (*ibid.*).  Plaintiff further alleges that the staff

10  attorney refused to reconsider the matter and that the Labor Commissioner has not yet

11  responded to its request for review of the staff attorney's opinion (*id.* at ¶¶ 22–23).

12       Plaintiff now seeks a preliminary injunction to prevent the Labor Commissioner from

13  conducting any administrative hearings until after the above-captioned action has been resolved

14  on the merits.  (The parties have already stipulated that the hearings may not be scheduled any

15  earlier than sixty days after the Court's ruling on the pending motions.)  It argues that the

16  drivers' claims under California Labor Code § 201 are pre-empted by federal labor law because

17  an interpretation of the CBA is necessary to determine how drivers should be compensated for

18  unused vacation periods shorter than one week.

19       Defendant simultaneously moves to dismiss the complaint for lack of subject-matter

20  jurisdiction, on the basis that this action is not yet ripe for adjudication.  In the alternative,

21  defendant moves to dismiss for failure to state a claim, asserting that the parties do not dispute

22  how one week of vacation pay is calculated as per the CBA and there are no other relevant

23  provisions in the CBA to be interpreted.

24                                **ANALYSIS**

25       Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court shall dismiss an action if

26  it lacks subject-matter jurisdiction.  Where a claim is not yet ripe for judicial review, the

27  complaint must be dismissed.  *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502

28  (9th Cir. 1990).  Because a final determination on whether the drivers' claims before the Labor

3

**United States District Court**
For the Northern District of California

1  Commissioner can be resolved without interpreting the CBA has not yet been made, this action

2  is not yet ripe for review.

3      The parties agree that whether the drivers' claims are preempted depends on whether

4  any *interpretation* of the CBA — beyond a mere need to "look to" and apply its terms — is

5  required. *Lividas v. Bradshaw*, 512 U.S. 107, 125 (1994).  Putting aside the merits of this

6  dispute, however, defendant correctly argues that Interpretive Bulletin 94–4 provides that the

7  staff attorney's opinion is not binding because the "final determination will rest with the Labor

8  Commissioner." *See Lividas v. Bradshaw*, 865 F.Supp. 642, 645 (N.D. Cal. 1994)(reproducing

9  these guidelines as Exhibit A).  Plaintiff admits that the Labor Commissioner has not yet

10  rendered a final decision (Compl. ¶ 23).  It merely speculates what her view *might* be, based on

11  her responsive filings in this lawsuit.  Should it become clear during the administrative hearings

12  that the CBA must be interpreted to determine how much vacation pay the drivers were entitled

13  to receive upon discharge, the Labor Commissioner would simply hold their claims in abeyance

14  pending arbitration of the wage-rate issue. *Lividas*, 865 F.Supp. at 644, Example B at 648.

15      As to the specific question of whether the drivers' unpaid vacation time should have

16  been calculated based on an average hourly wage or an average daily wage, the Court will not

17  render an advisory opinion.

18                                    **CONCLUSION**

19      For the foregoing reasons, defendant's motion to dismiss is **GRANTED**.  As such, this

20  order need not rule on plaintiff's motion for a preliminary injunction.  Because it was not

21  necessary to rely on any evidence to which objections were raised (*i.e.*, Ms. Hipshman's

22  declaration), this order declines to rule on those objections.  The hearing on these motions,

23  currently scheduled for **NOVEMBER 17, 2005 AT 8:00 A.M.**, is **VACATED**.

24

25      **IT IS SO ORDERED.**

26

27  Dated:  October 27, 2005

28                                    WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE